## STATE v. B. F. BUDWORTH.[1]

May 15, 1908.

Nos. 15,587—(27).

**Indictment for Sale of Liquor.**

Under section 1519, et seq., R. L. 1905, it is sufficient to charge in an indictment that the offender sold intoxicating liquors in quantities less than five gallons.

**Evidence.**

The evidence was sufficient to establish the venue as stated in the indictment and to justify the verdict.

Defendant was indicted in the district court for Norman county for selling intoxicating liquor without a license. The case was tried before Grindeland, J., and a jury which found the defendant guilty as charged in the indictment. From an order denying his motion to set aside the verdict and discharge the defendant, or for a new trial, defendant appealed. Affirmed.

*Peter Matson,* for appellant.

*Edward T. Young,* Attorney General, *Geo. W. Peterson,* Assistant Attorney General, and *M. A. Brattland,* County Attorney, for the state.

LEWIS, J.

Appellant was indicted for selling intoxicating liquor to one S. S. Moen without a license "in a quantity less than five gallons."

The indictment is sufficient, and states the facts necessary to constitute a public offense. Section 1519, R. L. 1905, declares that any person who sells intoxicating liquors in quantities less than five gallons without a license shall be guilty of misdemeanor. It is not necessary that the indictment contain a statement of the particular amount sold. Appellant was sufficiently notified that he was charged with violating the statute, and the state is not required to furnish the party charged with a more specific bill of particulars than in the words of the statute.

[1] Reported in 116 N. W. 486.

104 M.—17

The objection that the evidence does not fix the situs of the sale is without foundation. The particular place where Moen claims to have received the liquor was unquestionably within the village, county, and state set out in the indictment.

Appellant denies that he made the sale. Moen, who claims to have received the liquor, testified that the arrangement for its purchase was made by him with appellant, and that it was left for him at a designated place. The fact that Moen was in the habit of using intoxicating liquor and secreting it in bottles may have had some bearing upon the identity of the bottle in question, but such evidence was by no means controlling, and the jury were justified in their verdict.

Affirmed.